FROHLICH *v.* CARROLL.

<div style="float:right">127 561<br>138 85<br>f138 ¹ 86</div>

1. MECHANICS' LIENS—HUSBAND AS WIFE'S AGENT.

A husband contracted in his own name for the erection of houses on land belonging to his wife. She wanted the houses built, knew they were being erected, used funds of her own, and borrowed more, to pay on the contract, and paid some of the bills with her individual checks. *Held,* that the premises were liable to a lien for labor and materials entering into the construction of the houses, as the contract was that of the wife, entered into by the husband as her agent.

2. SAME.

Such conclusion is not altered by the fact that the husband furnished some of the money used in building.

3. SAME—EXCESSIVE CLAIM OF LIEN.

That a claim of lien is excessive by a small amount, due to the unintentional omission of a credit, is not fatal to the lien.

4. SAME—COMPLETION OF CONTRACT.

Where complainant completed his contract to furnish materials for defendant's buildings, except certain doors and drawers, the dimensions of which were not furnished to him, he being at all times ready to supply them when he should receive the dimensions, his right to a lien is complete.

5. SAME—HUSBAND AND WIFE—FRAUD—ERROR IN STATEMENT OF LIEN.

Where a husband contracted in his own name, but on behalf of his wife, for the erection of buildings on her land, they colluding between themselves to defeat the claims of those who should furnish labor and materials therefor, the fact that a statement of lien for materials so furnished mentioned the husband as the owner of the land, and that a copy of the statement was served on him alone, will not prevent a lien from attaching to the premises.

6. SAME—PAYMENTS BY OWNER—DISTRIBUTION.

Payments made by the owner of premises for labor and materials entering into the construction of a building thereon, though founded on the contractor's sworn statement provided for by 3 Comp. Laws, § 10713, must be distributed *pro rata* among all claimants of whom he has notice, to entitle him to protection against a claim of lien.

7. SAME—APPEAL—COMPUTATION OF AMOUNT DUE.

Where, on appeal in a mechanic's lien case, defendant claims that too much was allowed the lienors by the circuit judge, but does not point out any errors in the computation, or in the rules by which the computation was made, the decree will not be disturbed.

8. HOMESTEAD—OCCUPANCY.

Where several dwellings are erected on one lot, the homestead right of the owner is limited to the premises actually occupied.

Appeal from Wayne; Rohnert, J. Submitted May 8, 1901. Decided July 10, 1901.

Bill by Edward Frohlich against Margaret Carroll, William Cockerline, the Yeomans Lumber & Box Company, Henry C. Weber, and others to enforce a mechanic's lien. From a decree for complainant and defendant lienors, defendant Carroll appeals. Affirmed.

*Wilkinson & Younglove*, for complainant:

To the point that defendant's husband was her agent to such an extent as to permit a lien to attach, counsel cited: Phil. Mech. Liens, § 104; *Busch* v. *Wilcox*, 82 Mich. 315 (46 N. W. 940); *Wheaton* v. *Trimble*, 145 Mass. 345 (14 N. E. 104, 1 Am. St. Rep. 463); *Rimmey* v. *Getterman*, 63 Md. 424; *Thompson* v. *Shepard*, 85 Ind. 355; *Watson* v. *Carpenter*, 27 Ill. App. 492; *Bevan* v. *Thackara*, 143 Pa. St. 198 (22 Atl. 873, 24 Am. St. Rep. 529); *Tuttle* v. *Howe*, 14 Minn. 145; *McGraw* v. *Godfrey*, 14 Abb. Prac. (N. S.) 397.

*Jay Fuller*, for appellant:

Cited to the contrary: 3 Comp. Laws, § 10711 (amendatory of the law as previously existing); *Emery* v. *Lord*, 26 Mich. 431; *West* v. *Laraway*, 28 Mich. 464; *Willard* v. *Magoon*, 30 Mich. 273; *Newcomb* v. *Andrews*, 41 Mich. 520 (2 N. W. 672); *Morrison* v. *Berry*, 42 Mich. 393 (4 N. W. 731, 36 Am. Rep. 446); *Holmes* v. *Bronson*, 43 Mich. 563 (6 N. W. 89); *Fechheimer* v. *Peirce*, 70 Mich. 440 (38 N. W. 325); *Bank* v. *Gilchrist*, 83 Mich. 253 (47 N. W. 104); *Hillier* v. *Eldred*, 91 Mich. 56 (51 N. W. 705); *Luebe* v. *Thorpe*, 94 Mich. 270 (54 N. W. 41); *Hall* v. *Erkfitz*, 125 Mich. 332 (84 N. W. 310).

*W. W. Wicker*, for defendant Yeomans Lumber & Box Co.

*O. E. Angstman*, for defendant Weber.

HOOKER, J.   Defendant Margaret Carroll purchased on March 14, 1898, lot 16 of block 12, etc., in the city of Detroit, for $2,746.40.   The deed contained building restrictions, requiring her, in case of building, to erect not more than two single dwelling-houses fronting Avery avenue, and costing not less than $2,500 each if frame, and $3,500 each if brick.   She afterwards obtained written permission from the grantors to have three houses built upon the lot, and on April 12, 1898, defendant William Cockerline entered into a written contract to construct the same. This contract purports to have been between him and

Nicholas Carroll, who is, and then was, the husband of Margaret Carroll. Cockerline testified that he signed this contract upon the representation that Nicholas Carroll owned the premises. The complainant, a manufacturer of sash, blinds, doors, etc., contracted with Cockerline to provide material and do certain work in his line upon the houses, and this he did. Not receiving his pay, complainant sought to place a lien upon the premises, and seasonably filed a statement with the register of deeds setting up the fact of his contract with Cockerline; that he (Cockerline) had the contract for building a dwelling upon said premises; that there was due him thereon for materials and labor furnished under said contract $499.06; and that Margaret Carroll was the owner of the premises. This bill was filed to enforce the lien. Several other persons were made defendants, most of whom were subcontractors, who filed answers, and defendant Yeomans Lumber & Box Company filed a bill against Margaret Carroll, setting up their respective liens. The circuit court made a decree adjusting these liens, with provisions for their enforcement, and the defendant Margaret Carroll has appealed.

The court found that Nicholas Carroll entered into this contract on behalf of his wife; in other words, that it was Margaret Carroll's contract; and, notwithstanding counsel's statement that "there is not a scintilla of evidence to that effect in that certified to this court," we think the correctness of the court's conclusion is beyond question. Margaret Carroll owned the land; she knew the buildings were to be erected thereon; she wanted them built; she used funds of her own, and borrowed more, to pay upon the contract; she drew her own personal checks to the complainant and other contractors; and she still owns the premises. She thereby recognized the contract as hers. The case is like any other case of contract made by an agent where the principal is undisclosed. See 1 Am. & Eng. Enc. Law (2d Ed.), 1139; Mechem, Ag. § 701, and cases cited. If it be said that the authority is not shown,

we reply that we consider the record full of evidence tend-ing to show it.    It was unquestionably her property, and she acquiesced in what her husband did in relation to it.    It is said that Margaret Carroll did not furnish all of the money used; but we think it is immaterial even if her husband furnished some of it, as he claims to have done.

We do not discover that it is claimed that complainant did not perform his contract, except as to doors and draw-ers of the china closets, amounting to $24.79.    It is, how-ever, claimed that he was paid $15 for which he has not given credit.    The item of $15 was overlooked; it having been credited to a running account by the bookkeeper, and not brought to complainant's attention.    It may have been proper to apply it in reduction of complainant's claim, but should not invalidate his lien, under repeated decisions. The item of $24.79 was not furnished, but it was not com-plainant's fault, as dimensions were not furnished him, and he has always been ready to furnish it when dimen-sions and details are given.    We think the learned circuit judge was correct in sustaining complainant's right to a lien.

All of the other lienors, except the Yeomans Lumber & Box Company, filed liens against Margaret Carroll.    Its statement mentioned Nicholas Carroll as the debtor, in re-liance upon the information that he owned the premises, and the supposition that he contracted in his own right. Notice of the lien was served upon Nicholas Carroll, who seems to have had full authority to represent his wife. We think it should be held to bind her in this instance. The testimony of both Carroll and his wife, when taken in connection with the undisputed facts, convinces us, as it did the circuit judge, that the Carrolls have made a de-liberate attempt to defraud the contractors who file these claims.    The pretense that Mrs. Carroll gave to her hus-band $2,500, and paid him $800 more that she owed him, so that he might build houses of his own on her land, is too flimsy for credence; and we think, furthermore, that she is bound by the lien of the Yeomans Lumber & Box

Company, and notice thereof given to her husband, and that she should not be permitted to take advantage of technical mistakes which were clearly due to deceit.

The court found that the contract price was $3,222; that defendant was entitled to damages for sundry defects, $204.16; leaving $3,017.84. The court's computation was $3,018.54. Apparently, this was an error of 70 cents. The payments amounted to $2.862.09, leaving a balance of contract price unpaid of $155.75 to pay unpaid claims. The court found that the houses cost $332.85 more than the contract price, and that such amount and the damages allowed (*i. e.*, $204) made a total of $536.85,—substantially 15 per cent. of the contract price. He therefore reduced these liens to 85 per cent. of the amount due upon the claims, and allowed them. He sustained these liens as to the excess over $155.75, upon the finding that payments to that amount had been unwarrantably made. Counsel for defendant Carroll says in his brief:

"The court below was in error in holding that when the contractor makes a sworn statement, and payments are made in accordance with the same, and it turns out in the end that there is a deficiency, then such payments are illegal, because not prorated with others who furnish labor and material after such payments. The statute as to *pro rata* only applies to payments made in the absence of any statement, and this court held nothing to the contrary in the case of *Fairbairn* v. *Moody,* 116 Mich. 61, 65 (74 N. W. 386, 75 N. W. 469). The court below found that $2,862.09 had been paid by Nicholas Carroll upon the Cockerline contract, and that he was entitled to $204.16 damages, which would leave a balance of only $155.75 on the contract price; yet he orders a lien for $735.-43, and interest since November 1, 1898, with costs, including $90 solicitors' fees. On the merits alone, had the case been against Nicholas Carroll, the decision ought to have been in his favor; but, as against Margaret Carroll, the decision below simply amounts to confiscation."

Counsel for the complainant state in their brief that the learned circuit judge spent much time in computing the amounts due to the several parties. The appellant's

counsel has not shown us wherein there is an inaccuracy in the computation, or that he improperly applied the rule requiring a *pro rata* payment.    He only insists that all payments were lawfully made, and does not give a list of payments, or their dates, or in any way attempt to show wherein the conclusion of the circuit judge was wrong. We think the cases cited by complainant's counsel[1] impose upon the defendant the duty of protecting all subcontractors of whom he has notice; and as counsel has not pointed out the mistakes of the circuit judge, and the evidence upon which his computation should be corrected, we must decline to sift them out of a record of 350 pages.

The decree of the circuit court subjects the liens to homestead rights, the Carrolls having occupied the corner house.    It is obvious that they have no homestead rights in the other houses, and without discussing the propriety of allowing a homestead as against these liens, under the proofs, we pass the subject by saying that the parties were entitled to their liens against the other two houses, whether they were as against the corner house or not, and the defendant Carroll has no cause for complaint.

We are of the opinion that the decree should be affirmed, with costs, and it is so ordered.

The other Justices concurred.

---

[1] Viz.: *Fairbairn* v. *Moody, supra; Smalley* v. *Gearing,* 121 Mich. 190 ( 79 N. W. 1114 ).